RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 3 / 22 / 06
BY ᴅᴍ

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

FLOYD WATERS, JR.

versus

BAYER CORPORATION, ET AL.

CIVIL ACTION NO. 01-1819
JUDGE TOM STAGG

## MEMORANDUM RULING[*]

Before the court is a motion for summary judgment filed by defendant Bayer Corporation ("Bayer") (Record Document 47). Based on the following, the motion for summary judgment is **GRANTED**.

## I. BACKGROUND

Plaintiff Floyd Walters, Jr. ("Walters")[1] alleges in his complaint that he suffered a stroke on April 17, 1994,[2] as a result of his use of Alka-Seltzer Plus Cold Medicine and Contac medicine, both of which contain the ingredient

---

[*]This opinion is not intended for commercial print or electronic publication.

[1]Despite the fact that the initial complaint states that the plaintiff's name is "Floyd Waters," there is evidence in the record to indicate that his name is actually "Floyd **Walters**." Therefore, this court will refer to the plaintiff as "Walters" in this ruling.

[2]The record indicates that this date is incorrect. However, resolution of this point is not material to the outcome of the instant motion.

Phenylpropanolamine ("PPA"). See Record Document 1. Bayer manufactured Alka-Seltzer Plus Cold Medicine. Walters contends that as a result he has suffered and continues to suffer "severe, permanent, and disabling" physical and emotional injuries. Record Document 1.

Walters filed suit on behalf of himself and his minor children in state court and Bayer subsequently removed the case to this court. The suit was transferred to the United States District Court for the Western District of Washington for pretrial consolidation and coordination as part of MDL 1407, but it was remanded to this court in May of 2005.[3] Bayer then filed the instant motion for summary judgment on December 29, 2005. To date, no opposition to this motion has been filed.

## II. ANALYSIS

### A. Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

---

[3]Walters's claim originally named K & B Louisiana Corporation d/b/a Rite Aid Corporation as a defendant as well. However, Walters voluntarily dismissed K & B as a defendant in 2002. Bayer is the sole remaining defendant.

2

law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

"Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004)(citations and quotations omitted). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co.,402 F.3d 536, 540 (5th Cir. 2005).

B.   **The Motion For Summary Judgment Remains Unopposed.**

In its motion for summary judgment, Bayer requests that this court dismiss all of the plaintiff's claims with prejudice. Walters did not respond to the motion or otherwise raise a material fact issue as to any of the arguments in the motion.

Local Rule 7.5W requires a respondent opposing a motion to "file a response, including opposing affidavits, memorandum, and such supporting documents as are

3

then available, within 15 days of service of the motion." The plaintiff has clearly failed to satisfy this requirement. Federal Rule of Civil Procedure 56 states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). As discussed below, the court finds it appropriate to enter summary judgment against the plaintiff in this case.

Plaintiff's claims against Bayer are based on the Louisiana Products Liability Act ("LPLA") and redhibition. See Record Document 1.[4] Under the LPLA a manufacturer of an unreasonably dangerous product is deemed liable "when the characteristic of that product, which renders it unreasonably dangerous, proximately causes the complained of injuries." Wheat v. Pfizer, Inc., 31 F.3d 340, 342 (5th Cir. 1994). As to a claim for redhibition, the plaintiff must allege a defect, damage and causation. See Philippe v. Browning Arms Co., 395 So.2d 310, 312 (La. 1981). In order to prevail on his cause of action, the plaintiff must prove both that

---

[4]The plaintiff's complaint alleged other bases for recovery including negligence, fraud, misrepresentation, and breach of warranty against redhibitory defects. However, the Federal District Court for the Western District of Washington dismissed plaintiff's negligence, fraud and misrepresentation claims.

4

the product was defective, and that his injuries were caused by that defect. See Weber v. Fid. & Cas. Ins. Co. of N.Y., 250 So.2d 754, 755 (La. 1971). In the case at bar, despite more than adequate time for discovery, the plaintiff has failed to make a showing sufficient to demonstrate cause. Bayer, on the other hand, has demonstrated the absence of a material fact as to causation.

Upon review of the documents in the record, including the deposition of one of Walters's treating physicians, it is clear that there is no evidence of cause beyond the plaintiff's conclusory allegations. The evidence that is in the record shows absolutely no relation between the medications containing PPA and Walters's stroke and often directly contradicts his contentions. See Record Document 47, Ex. F (Deposition of John Todd, IV, M.D.).

Bayer has demonstrated the absence of a genuine issue of material fact, and it is therefore left to the plaintiff to demonstrate the existence of specific facts that raise a genuine issue for trial. However, the plaintiff has not met this burden. He has filed no response to Bayer's motion for summary judgment and there is no other evidence in the record sufficient to demonstrate a genuine issue as to causation.

In addition, the plaintiff has failed to submit a list of expert witnesses to testify at trial, despite the fact that the deadline for such submissions has passed. In a case

such as this, involving complex medical issues not commonly known to the average person, the courts have held that expert medical testimony must be offered to prove causation. See Pfiffner v. Correa, 643 So.2d 1228, 1234-35 (La. 1994). Without such testimony, or any other evidence of causation, the plaintiff in this case is unable to meet his burden.

Accordingly, Bayer's motion for summary judgment is **GRANTED**. A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 21st day of March, 2006.

JUDGE TOM STAGG